MICHAEL L. TRACY, ESQ., SBN 237779
MTRACY@MICHAELTRACYLAW.COM
MEGAN ROSS HUTCHINS, ESQ., SBN 227776
MHUTCHINS@MICHAELTRACYLAW.COM
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA  92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff RICHARD AVILES

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD AVILES, an individual<br><br>    Plaintiff,<br><br>    vs.<br><br>LR BROTHERS AUTOMOTIVE INC. , A CALIFORNIA CORPORATION; LAZARO LARISBEASCOA, AN INDIVIDUAL; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: C09-05735-JW<br><br>**JOINT RULE 26(f) REPORT**<br><br>**TELEPHONIC HEARING REQUESTED** |

        The parties, Plaintiff RICHARD AVILES, and Defendants LR BROTHERS AUTOMOTIVE, INC., and  LAZARO LARISBEASCOA ("Defendants"), by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the Case Management Conference pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, scheduled for May 3, 2010, at 10:00 a.m., in Courtroom 8, 4th Floor, San Jose, California. The parties conferred for the purposes of this report on April 8, 2010.

## I.    JURISDICTION AND SERVICE

The court's jurisdiction is proper in this matter being that the action arises under the Fair Labor Standards Act, 29 U.S.C. §210.

All parties have been served.

## II.    FACTS

### 1. Plaintiff's Description of the Case

Plaintiff was an employee of Defendant who was not paid in accordance with the requirements of overtime law, and as a result is claiming damages as well as various penalties.

### 2. Defendant's Description of the Case

Plaintiff was properly paid his overtime.

## III.    LEGAL ISSUES

1. Whether Plaintiff was not properly paid under the both California law and Fair Labor Standards Act, and therefore entitled to overtime pay and associated damages and penalties.

## IV.    MOTIONS

### A.    Prior or Pending Motions

There are no prior or pending motions at this time.

### B.    Plaintiff's Anticipated Motions

Plaintiff anticipates bringing forth a motion for summary adjudication on Defendant's affirmative defenses.

### C.    Defendant's Anticipated Motions

Defendant anticipates in limine motions only.

## V.    AMENDMENT OF PLEADINGS

None contemplated.

*///*

## VI.   EVIDENCE PRESERVATION

The parties have preserved all relevant documents relating to Plaintiff's claims.

## VII.   DISCLOSURE

The parties will exchange disclosures on May 3, 2010.

## VIII.   DISCOVERY

The parties have not yet begun discovery in this matter. Both parties intend to depose each other, as well as serve interrogatories, document requests, and requests for admission.

**Discovery Plan Pursuant to Fed. R. Civ. P. 26 (f)**

**1.   Rule 26(f)(1): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made?**

Disclosures will be exchanged May 3, 2010. No changes to the standard requirements are necessary.

**2.   Rule 26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties see no reason to limit or focus discovery on particular issues.

**3.   Rule 26(f)(3): Any issues relation to disclosure of discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information. They agree to address any such issues in the event they arise.

///

///

**4.      Rule 26(f)(4): Any issues relating to claims of privilege or of protection as to trial-preparation material, including-if the parties agree on a procedure to assert such claims after production - whether to ask the court to include their agreement in the order.**

The parties do not anticipate any issued relating to claims of privilege or of protection as to trial-preparation material. They agree to address any such issues in the event they arise.

**5.      Rule 26 (f)(5): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed?**

The parties do not require any other changes to the limitations on discovery proposed by the Federal Rules or Local Rules at this time.

**6.      Rule 26(f)(6): Any other orders that should be entered by the court under Rule 26(c) or under Rule 16 (b) and (c).**

The parties do not request any other orders to be entered by the court under Rule 26 (c) or Rule 16 (b) and (c).

**IX.    <u>CLASS ACTIONS</u>**

Not applicable.

**X**.    <u>**RELATED CASES**</u>

There are no related cases.

**XI.    <u>RELIEF</u>**

**A. Plaintiff's Position**

Plaintiff prays for the following relief:

1.  Damages for overtime not paid to Plaintiff AVILES in an amount in excess of $71,589 and subject to proof at trial.

2.   For liquidated damages in the amount in excess of $71,589 and subject to proof at trial.

3.   For damages and penalties under Labor Code § 226 for Plaintiff AVILES in an amount subject to proof at trial.

4.   For restitution and disgorgement for all unfair business practices against Plaintiff AVILES in an amount subject to proof at trial.

5.   For prejudgment and post judgment interest.

6.   Cost of suit.

7.   Attorneys' fees.

8.   For such other and further relief as the court may deem proper.

**B. Defendant's Position**

Defendants contend that Plaintiff is not entitled to any relief, and relief should be accorded to Defendant for fees, costs, and such other and further relief as the Court deems just and proper in the circumstances.

**XII. <u>SETTLEMENT AND ADR</u>**

The parties have submitted a Notice of Need for ADR Phone Conference. The Notice has been faxed to the ADR office as required by local rule.

**XIII. <u>CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES</u>**

The parties have no objections to having the action handled by the Magistrate Judge.

**XIV   <u>OTHER REFERENCES</u>**

The parties are aware of no other references needed at this time.

**XV.   <u>NARROWING OF ISSUES</u>**

The parties find that there are no issues that can be narrowed at this time.

**XVI   <u>EXPEDITED SCHEDULE</u>**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**XVII  SCHEDULING**

The parties agree to the following proposed schedule:

(a)    Non-Expert Discovery to be completed by           October 29, 2010

(b)    Dispositive Motions to be heard by                  December 10, 2010

(c)    Expert Discovery to be completed by                October 29, 2010

(d)    Pretrial conference to be conducted on             January 10, 2011

(e)    Trial Requested for                                         February 15, 2011

**XVIII.  TRIAL**

Plaintiff and Defendant estimate a 3-4 day trial. Plaintiff requested a jury trial. Defendant has requested a jury trial.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**A.     Plaintiff's Disclosure**

Plaintiff has no disclosures of interested entities or persons.

**B.     Defendant's Disclosure**

Defendant has no disclosures of interested entities or persons.

**XX. OTHER MATTERS**

The parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

DATED:  April 12, 2010                          LAW OFFICES OF MICHAEL TRACY

                                        By:    _____/s/_____
                                                MEGAN ROSS HUTCHINS, Attorney for
                                                Plaintiff RICHARD AVILES

DATED:  April 12, 2010

                                                /s/
                                        By:    _____
                                                KEVIN P. COURTNEY, Attorney for
                                                Defendant LAZARO LARISBEASCOA